PEOPLE v. MACULEY

EMBEZZLEMENT — FRAUDULENT INTENT — EVIDENCE — SUFFICIENCY OF EVIDENCE.
  Competent trial testimony to the effect that defendant, while employed as an automobile salesman, withheld two deposits made with him for the purchase of automobiles and gave false receipts to the buyers, that he procrastinated when questioned about the missing deposits, that he admitted having converted two deposits to his personal use but denied similar activity with other sales, that he made no claim, when discovered, that he was entitled to the money as he did at trial and that he was aware of company policy against salesmen withholding deposits, was sufficient, if believed, to support a finding that the defendant had the requisite fraudulent intent to be found guilty of embezzlement beyond a reasonable doubt (MCLA § 750.174).

Appeal from Ionia, Leo B. Bebeau, J. Submitted Division 3 February 5, 1970, at Grand Rapids. (Docket No. 7,100.) Decided February 24, 1970.

Robert Maculey was convicted of embezzlement. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*Flint C. Watt,* for defendant on appeal.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
26 Am Jur 2d, Employment § 50.

PER CURIAM. Defendant was charged with two counts of embezzlement in violation of MCLA § 750.174 (Stat Ann 1962 Rev § 28.371), and found guilty by a jury on both counts in January of 1969.

On February 12, 1969, he was sentenced to spend four and one-half months in Ionia County jail. He was also placed on probation for three years and ordered to make restitution.

The defendant appeals from the conviction and sentence contending that the evidence offered by the people was insufficient to support a finding beyond a reasonable doubt that the necessary fraudulent intent was present.

There was no dispute in the testimony that defendant had, on two different occasions, while employed as an automobile salesman for Coe-Hayden Motors in Ionia, withheld deposits made to him for the purchase of automobiles, the first from John J. Lalley on May 1, 1967 in the amount of $600.00 and the second from Richard A. Hoffman on July 8, 1967 in the amount of $813.00. Both customers were given receipts but they were blank form receipts and not the regular form used by the employer in its business.

Mrs. Geraldine Koenig, office manager for Coe-Hayden Motors, testified that on several occasions she asked defendant about the balance due in the Hoffman transaction and that each time she was assured that payment was on its way.

Orson Coe III, vice-president of Coe-Hayden Motors, testified that upon inquiry, he and his partner, James Hayden, learned from Mr. Lalley of the $600.00 deficit. The two then called on defendant at his house at which time he admitted the shortage and explained that he needed the money for bills. At that time, defendant went on to deny any similar activity with other sales,

James Hayden testified that when defendant was first confronted regarding 'Mr. Lalley's $600.00 he asked, "Is that all; is that all you found?" Hayden further testified that when defendant was confronted regarding Mr. Hoffman, he admitted juggling the accounts to pay his bills and that the matter had snowballed to a point where he couldn't pay it back in one transaction.

At trial, defendant claimed that the money which he had withheld was part of a bonus of $5.00 per car sold during the year, and was due to him. This was denied by Orson Coe, Sr., who testified that the bonus was discretionary at the end of the year, that his salesmen were never "entitled" to the bonus during the year and that defendant knew this. Mrs. Koenig and Mr. Hayden corroborated this testimony. Moreover, Mr. Hayden testified that upon discovery, defendant made no such claim of right to the funds withheld. He also testified that defendant was aware of the company policy against salesmen withholding funds.

The question then as to whether the people have proved their case against defendant rests on the relative credibility of the various witnesses, including the defendant.

We find that there was sufficient competent evidence presented to support the verdict beyond a reasonable doubt, if it were believed.

The question was properly presented to the jury, and their decision is not against the great weight of the evidence.

Affirmed.